**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TIMOTHY BILBERRY JR.,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No.  SA-26-CV-02203-XR |
| TRANSAM  TRUCKING,  INC.,  FADIYA<br>STORY,<br>*Defendants* | §<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered Plaintiff Timothy Bilberry Jr.'s Motion for Substituted Service (ECF No. 17).  After careful consideration, the Motion is **GRANTED.**

## BACKGROUND

In July 2024, Plaintiff Timothy Bilberry Jr. was driving in Bexar County, Texas. Defendant Fadiya Story was backing up a semi-truck owned by Defendant TransAm Trucking, Inc. and hit Bilberry's vehicle.  ECF No. 1-3.  Bilberry sued Story and TransAm in state court, and TransAm removed to this court.  ECF No. 1.  Bilberry moves for the Court to allow substituted service of Story under Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106.

## DISCUSSION

### I.    Standard for Substituted Service

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."  *Henderson v. United States*, 517 U.S. 654, 672 (1996).  "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4."  *Naranjo v. Universal Sur. of*

1

*Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010).  Rule 4(e)(1) allows a party to effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Texas Rule of Civil Procedure 106 permits primary service by personal service or by certified or registered mail, TEX. R. CIV. P. 106(a)(1)–(2), and permits certain methods of substituted service when primary service methods prove unsuccessful, *id.* 106(b).  Texas Rule of Civil Procedure 106(b) provides that substituted service may be effectuated: (1) by leaving a copy of the required documents with anyone over sixteen years of age at a "location where the defendant can probably be found," as specified by affidavit or (2) " in any other manner, including electronically by social media, email, or other technology, that . . . evidence shows will be reasonably effective to give the defendant notice of the suit."  *Id.* (b)(1)–(2).

Texas law prefers personal service over substituted service, because personal service is more reliable.  *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.).  Thus, only after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by a statement "sworn to before a notary or made under penalty of perjury," authorize substituted service.  TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.3d 298. 98-99 (Tex. 1993).  The sworn statement accompanying the motion must "list[] any location where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in the statement but has not been successful."  TEX. R. CIV. P. 106(b).  Substituted service may be authorized only if the supporting statement "strictly complies" with Rule 106(b)'s requirements.  *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836

(Tex. 1990)); *Lukose v. City of Carrollton, Tex.*, No. 3:25-CV-3137-G-BW, 2026 WL 759775, at *4 (N.D. Tex. Mar. 18, 2026).

## II.    Analysis

Bilberry has provided a sworn affidavit listing Story's address as 1259 Washington Avenue, Apt. 39, Ashbury Park, NJ 07712. *See* ECF No. 17-2 at 2. The process server attempted service at that address three times. *Id.* Story's mother lives there and claimed that Story does not live there but gets mail there occasionally. *Id.* The affidavit sufficiently states a "location where [Story] can probably be found" and includes specific facts showing that personal service was attempted at that location but was unsuccessful. Rule 106 is satisfied.

## CONCLUSION

Plaintiff's Motion for Substituted Service (ECF No. 17) is **GRANTED**. Plaintiff may serve Story by either:

(1) leaving a copy of the Petition and exhibits thereto, Notice of Removal and exhibits thereto, Summons, and this Order with anyone over sixteen years of age at 1259 Washington Avenue, Apt. 39, Ashbury Park, NJ 07712; or

(2) securely attaching the same documents to the front door at that address.

Plaintiff shall serve Defendant Fadiya Story pursuant to this Order **on or before August 1, 2026**.

It is so **ORDERED**.

**SIGNED** this 2nd day of July, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3